# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| BRIAN JEROME WESLEY | CIVIL ACTION NO. 05-1454-L |
|---|---|
| VS. | SECTION P |
| POLICE DEPT. OF PATTERSON, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by *pro se* plaintiff Brian Jerome Wesley on or about August 2, 2005 pursuant to 42 U.S.C. §1983.[1] Wesley is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), presently incarcerated at the Winn Correctional Center, but he complains of an incident that occurred in April, 2004, when he was an inmate at the Patterson Jail in Patterson, Louisiana.

The complaint was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is **RECOMMENDED** that the complaint be **DENIED AND DISMISSED WITH PREJUDICE** because plaintiff's claims are barred by the applicable statute of limitations.

---

[1] Plaintiff has been given the benefit of the "mailbox rule" with regard to the filing of his complaint. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83. For the purposes of this Report, the undersigned assumes that the earliest date the complaint could have been tendered to prison officials is the date the pleading was signed.

## *Statement of the Case*

Plaintiff alleges as follows: On April 21, 2004, plaintiff was an LDOC inmate housed at the Patterson Jail; on that date, the shower drain clogged causing the shower to flood; while exiting the shower, plaintiff slipped and fell; the slip and fall was the result of the slippery conditions of the shower and the inappropriate footwear issued by the jail administration; two other inmates attempted to notify the jailers that plaintiff was injured but they ignored all requests for medical treatment; plaintiff's fellow inmates then made a "three way call to 911"; plaintiff was taken to the Teche Regional Medical Center in nearby Morgan City where he received unspecified treatment for unspecified injuries; upon his release from the hospital, plaintiff was transferred to the LDOC's Forcht Wade Corrections Center in Keithville, Louisiana.

## *Findings and Conclusions*

### *1. Frivolity Review*

When a prisoner, such as the plaintiff herein, is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. §1915(e)(2)(B). The same standard applies under 28 U.S.C.A. §1915A (when a prisoner seeks redress from a governmental entity or one of its employees, the court must review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief). *See also* 42 U.S.C.A. §1997e(c) (a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions

if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."

*Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2. *Statute of Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).

However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).

A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim accrued in April, 2004 when plaintiff slipped, allegedly sustained his injury, was denied prompt medical attention, and then was transferred.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611

F.2d 1129 (5th Cir. 1980).

If plaintiff's claim accrued in April, 2004, then he had one year, or until April, 2005 to file suit. As shown above, plaintiff's suit was not filed until August, 2005. That being so, plaintiff's filing is clearly untimely and his suit is time-barred.

### *3. Exhaustion of Administrative Remedies*

Additionally, plaintiff's allegations concerning exhaustion of available administrative remedies are ambiguous at best. Plaintiff contends that he filed a grievance over these incidents, but the defendant "failed respond." [sic]

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), makes the exhaustion requirement mandatory in prison conditions cases. It provides as follows:

> (a) Applicability of Administrative Remedies – No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff could have tolled the limitations period during the period of time that he attempted to exhaust administrative remedies. At all times pertinent to this suit, plaintiff was an inmate in the legal custody of the Louisiana Department of Public Safety and Corrections; he was obliged to ultimately appeal adverse decisions of the jail administration to the Secretary of the Department of Corrections as provided by Louisiana law. Administrative remedies procedures have been adopted by the Louisiana Department of Corrections, sheriff's maintaining parish jails or correctional centers, and private corporations maintaining correctional centers. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002) (28:4 La.Reg. 857) Administrative Remedies Procedures were thus clearly available to him. Even if

the local authorities <u>ignored</u> his grievances, as he claimed, he was still obliged to ultimately seek redress with the Secretary of the Louisiana Department of Public Safety and Corrections prior to filing suit. It appears that he did not do so, and therefore, even should he claim the benefit of tolling, his failure to fully exhaust available remedies would also necessitate dismissal of his complaint.

*4. Conclusion*

For the foregoing reasons, the undersigned concludes that plaintiff's claims are clearly prescribed. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that his Motion for Assistance in Obtaining Evidence [Doc. 4] be **DENIED** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on January 3, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)